The 4th District Appellate Court of the State of Illinois has reconvened. The Honorable Catherine E. Zienoff presiding. Good morning. This is case number 4-250511, People of the State of Illinois v. Kendall D. Drummond. Would counsel for the appellant state your name for the record, please? My name is Elizabeth Boddy. Thank you. And counsel for Appellee? James Ryan Williams for the state. Thank you. There is a siren that is going off in our community around this time. I don't know if it's audible to you. It usually happens around the state, and it usually lasts about a minute or two. Can anyone else hear it besides myself? No. You also? Okay. Why don't we wait a minute or two to start, just so that there are no distractions? It happens every Tuesday around this time. It happens here too.  I'm in the center of town, so our warning system must be defective, because it's not It's going off, and I can't hear it.  Well, it does every Tuesday, and it gets loud. I mean, it goes in and out, but it only lasts a couple of minutes. My thought is always, boy, I hope it's Tuesday at 10 o'clock when it does go off, and it always is, so it's okay. The siren has stopped here. I would just ask, before the timer goes on, would counsel for appellant pronounce your name one more time, please? Elizabeth Boddy.  Okay. Thank you. All right. Are counsel ready to proceed now? Both of you? Okay. All right. At this time, Ms. Boddy, would you begin your argument? Good morning. Again, my name is Elizabeth Boddy from DePaul's Criminal Appeals Clinic, on behalf of Kendall Drummond, the appellant. Today, I would like to focus on the first argument, which concerns whether the trial court committed a plain error in not instructing the jury pursuant to IPI 2.04, and alternatively, whether trial counsel was ineffective for not tendering that instruction. IPI 2.04 is a critical instruction. Courts have recognized that laypersons struggle to fully appreciate a defendant's right not to testify. All too often, laypersons expect an innocent person to testify and may, in turn, infer guilt when a defendant doesn't take the stand. IPI 2.04 safeguards against that adverse inference, and when a defendant requests it, a trial court is required to give it. Although here, Drummond did not explicitly request the instruction, under the circumstances of this case, he did meet the request requirement. Drummond equivocated on whether to testify. Both the trial court and his attorney urged him not to, and it was only after the trial court repeatedly assured Drummond that his jury would, in fact, receive 2.04, and a jury would not be able to infer guilt from his silence, that Drummond decided not to take the stand. So, under these unique circumstances where the court recognized the need for the instruction, the court knew Drummond wanted the instruction, the court repeatedly told Drummond his jury would receive the instruction, and Drummond based his decision not to testify on those assurances, he met the request requirement, which means the court was required to give this instruction. The court's failure to do so constitutes second-pronged, plain error. In People v. Ramirez, the Illinois Supreme Court… Also, excuse me. Yes. Before we get to second-pronged, plain error, I'd like to just focus on one other aspect of this. We know in this case that the trial court properly gave the ZEIR principles and instructions to the jurors, and each of them indicated that they both understood and accepted those principles. Weren't they, in essence, the equivalent of the jury being instructed that the defendant didn't have to testify that he was innocent and didn't have to present any evidence? Weren't they instructed on this issue even before they heard any evidence whatsoever? They were during vortier, but vortier is not a substitute for this instruction. Vortier serves a different function at a different moment than jury instructions given at the close of the case, and only jury instructions govern the jury's decision-making. So during vortier, the court asked the typical ZEIR admonishment, do you understand and accept that a defendant's failure to testify cannot be held against him? They said that they did understand and accept. There were no follow-up questions by any attorneys. This principle was never mentioned again during trial, not during opening statements, not during closing arguments. And the ZEIR inquiry was not a legal directive. It wasn't a binding rule. It was a screening for bias. So for us to say that the ZEIR inquiry is an adequate substitute for this instruction means that the jury had to have remembered what was said during vortier and also treated those preliminary screening questions as the authoritative binding law, which isn't the way our trials are structured. And the judge in this case repeatedly told the prospective jurors that his vortier instructions were not the final, complete instructions, and the instructions the jury was to follow were the instructions given at the close of the case. So although the veneer person said they understood and accepted this principle during vortier, they needed the instruction immediately before and during deliberations to ensure that they followed this important principle. A defendant's silence is the most salient at the close of the case, not during vortier. And without this instruction, the jury was allowed to fall back on those common-sense assumptions that silence equals guilt. If vortier was a substitute for IPI 2.04, we wouldn't need IPI 2.04, but it exists for a reason. This is an important bedrock constitutional principle, and the omission rendered this trial fundamentally unfair. This court has found, or reviewing courts have found, that vortier is not a substitute for other essential instructions like IPI 2.03, and the same holds true here. Without that instruction, again, the jury was allowed to infer guilt from German silence. Moving back to plain error, the Supreme Court in Ramirez held that the same instructional error is presumptively prejudicial because it affected the defendant's substantial rights. The same holds true here. Fundamental fairness requires ensuring that essential instructions are given, and this error wasn't just some evidentiary misstep. It truly affected the framework of the trial because it altered the rules by which the jury decided this case. Because of the omission, the jury was allowed to infer guilt from German silence. That affects the substantial right to a fair trial, therefore, second-pronged plain error review does apply. Alternatively, this court can find that the trial court rendered ineffective assistance of counsel in not tendering the instruction. This court has held that the failure to tender an essential instruction can't be excused by trial strategy, and that's true here. The issues conference occurred immediately following this Krankel hearing when Drummond indicated his desire for this instruction, where he equivocated on whether or not to testify, where he based his decision not to testify, and the judge assuring him the jury would receive this instruction. So, counsel was aware that Drummond wanted it. Counsel was aware that Drummond decided not to testify, knowing that his jury was going to get this instruction. So, there can be no strategic reason not to give this instruction, especially given the importance of this instruction. I don't know why counsel didn't—did counsel not tender the instruction because he thought it was unnecessary in light of the judge's remarks? Maybe. Did counsel forget? Maybe. I don't know. It doesn't matter. Counsel had a duty to give this instruction to ensure that his client's jury was properly instructed, and he failed to do so, which is professionally unreasonable. It's also prejudicial. Again, the failure to tender this instruction rendered Drummond's trial fundamentally unfair. Additionally, Drummond, as I said, conditioned his decision not to testify on the court's assurances that the jury would be properly instructed, and had Drummond known that the jury could infer guilt from his silence, perhaps he would have testified. So for these reasons, counsel's error was prejudicial. This is a unique case. There are very few, if any, cases where this instruction isn't given when the defendant wants it, and I truly think no one realized this instruction wasn't given. I think it was a mistake, but it was a mistake that cost Drummond a fair trial. So for these reasons, I ask that you either find the trial court committed plain error in not instructing the jury as the court promised it would do, or that counsel was ineffective for not tendering the instruction. Do you wish to add anything else to your argument at this time? No, I don't. Thank you. Mr. Williams? May it please the court, counsel. My name is James Ryan Williams, and it is my privilege to represent the state before this honorable court. In this case, the omission of Illinois pattern jury instruction 2.04 did not amount to plain error, nor did it constitute ineffective assistance of counsel. As an initial matter, the defendant has forfeited this instructional error by failing to tender the instruction, failing to object when it was not given, and by failing to raise it in a post-trial motion. With respect to prong one, which I will address because, of course, forfeiture is a limitation on the parties, not the court, the defendant cannot satisfy prong one because the evidence against him was overwhelming and not at all closely balanced. The victim provided testimony identifying defendant as her attacker. She confirmed that she called her mother immediately after the defendant, quote, finished beating her. The victim's mother corroborated this timeline. The victim's mother testified that she overheard the defendant's voice in an apartment during an initial phone call. And then during a frantic second phone call approximately 30 minutes later, the mother looked out the window and saw the defendant fleeing the area. Upon arriving at her daughter's apartment, the mother found the victim covered in blood with the living room covered in blood and defendant nowhere to be found. And, of course, the defendant's flight from the scene of a bleeding, battered spouse is a powerful indicator of consciousness of guilt. With respect to prong two, structural error... So before we get to prong two, prong one has to do with the performance of counsel, correct? Okay. Does it not? I mean, that's what we're looking at. And you talked about what the evidence was and that it was overwhelming. But how do you look at the decision made here and say that this was, I mean, are you saying this was trial strategy that his attorney used? And how could this be any reasonable trial strategy not to give this instruction? Are we getting into the ineffective assistance of counsel argument? Well, I suppose that bleeds into it as well. But we also have to look at, for prong one, do we not, the performance of counsel? I mean, this is normally given in certainly a situation like this. This is a little bit puzzling and unique, is it not? I mean, I agree completely, Your Honor. It seems rather inexplicable that this was not given. I would concede it was unquestionably an error. But at the end of the day, the evidence here was completely overwhelming. And there's no possibility that the failure to give an instruction that, oh, by the way, was already essentially given during voir dire could have tipped the scales against the defendant here. Because the evidence, with respect to prong one, if we're looking at the closeness of the evidence, the evidence here was not at all close. And then with respect to prong two, as Your Honors know, there are very few things that arise to the level of a structural error. And here what defendant is essentially arguing is that the failure to give an instruction that he did not even give or request or object to the failure to give somehow constitutes a structural error. And our Supreme Court has repeatedly said that it does not result in automatic reversal. And again, as we... So here we're focusing on the plain error argument, correct? Yes. Okay. But as you alluded to earlier, Your Honor, the core constitutional protection here against adverse inferences regarding silence was effectively secured during voir dire where the trial court properly questioned the jurors under Rule 431B, and every juror confirmed that they understood and accepted that the defendant's choice not to testify could not be held against them. Well, how do you respond to opposing counsel's argument that certainly the ZEHR instructions, ZEHR principles are not instructions, that they're part of voir dire, and if indeed they were sufficient, then why do we have the IPI instruction in the first place? How do you respond to that? Well, again, in an ideal case, both would be given, but in a case like the one before this court where there is no objection, I mean, this court would effectively be having to find that structural error occurs when a jury instruction is not given. I think that would be an unprecedented decision. I don't think that would be the finding. Question here is, what obligation did the trial judge have? First of all, the trial judge gives the ZEHR instructions, or the ZEHR voir dire. Then the trial court participates in explaining to defendant why his counsel may be urging him not to testify, or at least weigh the question of whether or not he should testify, and in so doing, he assures them that an instruction will be given. If we get to the instruction conference, is the trial court under a fair trial obligation to say, hey, counsel, remember, we talked about this, are you going to tender that instruction, or is that too much of an interjection by the trial court? I'm not sure that that would be too much of an interjection, and of course, again, the state concedes that this instruction should have been given, and as your honors noted, in essentially every single case, it is given. But I don't think- If the court is, if the judge is a gatekeeper in all instances, shouldn't he indicate that this gate is open, or this is a gate you have to consider? We've already talked about it. I mean, I talked about it with counsel, and I said things that could only be construed as likely a construction is going to be given, and then I let that pass by at the instruction conference. I'm interested in that, and I understand you're conceding it should have been given.  It should have been given. And it was an error not to, and I don't think- And it probably was a mistake, but isn't it a rather glaring mistake, given the trial court was participating in a discussion about this earlier in the matter? Yes, your honor. The instruction certainly should have been given, but at the end of the day, when we're asking ourselves, did this render this trial fundamentally unfair, the state's position is it did not. In part, because again, every single juror, whether they were instructed or not, acknowledged, and not to mention the fact that even if they didn't acknowledge this error principle that a defendant's silence cannot be used against them, I would respectfully submit that that's pretty common knowledge as well amongst the general population. But again, we still have an instance here where every single juror accepted that principle, that commonly known and held principle, that the defendant's silence cannot be used against him. And we also weigh that against the absolutely overwhelming nature of the evidence in this case. And I just don't think that that- I don't think that it would be appropriate for this court to hold that that rendered the trial fundamentally unfair, or that the defendant was ultimately prejudiced, that but for, you know, the failure to give this instruction, the result of the proceeding would have been different. And unless this court has any further questions, thank you all for your time. Thank you. Ms. Batty? You're- you're on mute. Sorry, I was afraid that was going to happen. I just wanted to clarify that we did not argue first-pronged plain error. We only argued second-pronged plain error, which doesn't require this court to look at the evidence. And Drummond did essentially request this instruction. He made it clear he wanted it. The trial court knew he wanted it. This court has found plain error in similar circumstances in the cases that I cited in the briefs. And if you were to find plain error in this case, it doesn't require you to find plain error in every case where an instruction isn't given. Plain error exists given the unique circumstances of this case, where Drummond wanted this instruction. The court knew he wanted it. The court told him on multiple occasions he would get it. He didn't get it. And this instruction safeguards a critical constitutional protection. So, it's plain error in the unique circumstances of this case. As to void error, this principle is not intuitive. It is not something that laypersons easily understand and accept and digest. And so, yes, they may say during void error, understand and accept it. But at the close of the case, again, when a defendant's silence is the most salient, they need that instruction to ensure that this constitutionally protected principle is followed. And without that instruction, the jury, again, is allowed to infer guilt from a defendant's silence. So, are you arguing, in essence, that is it your argument that this IPI instruction 2.04 was required to adequately apprise the jury of what the law was on this issue? Yes. In this case, the instruction was necessary and it was needed and it was promised and it wasn't given. And, again, it wasn't given. I think we all can say that it wasn't given due to a mistake. The state agrees it should have been given. I've rarely ever seen a case where this instruction wasn't given. It should have been given. It was a mistake. And this mistake cost Drummond a fair trial because his jury was allowed to infer his guilt from his failure to take the stand, which is exactly what he did not want to happen. And he only decided not to testify because the judge repeatedly assured him that the jury would not be able to infer his guilt from his failure to take the stand. The state concedes that counsel was professionally unreasonable for not tendering the instruction as a prejudice. Again, the failure to do so rendered this trial fundamentally unfair. The state talks about the overwhelming weight of the evidence. I disagree. The evidence might have been sufficient to convict, but it wasn't as overwhelming as the state claims. Justice couldn't remember what happened. She remembered getting into a verbal fight with Drummond and then she next woke up in the hospital. So, it's not as overwhelming as the state claims. Regardless, though, that the evidence might have been sufficient to convict, the trial was still fundamentally unfair. And it was unfair because the jury did not receive this critical instruction and was ball back on these common sense assumptions that a defendant's failure to take the stand means he's guilty. And also, as I explained before, this influenced Drummond's decision not to testify. And had he known that the jury would be able to infer guilt from his failure to take the stand, maybe he would have testified. He wanted to testify and he didn't based on the court's assurances. So, prejudice is proved under ineffective assistance counsel. And, as I said before, this does constitute second prong plain error. Either way, Drummond is entitled to a new trial, whether this court finds that the trial court committed plain error in not instructing the jury, as the trial court repeatedly promised it would do, or the counsel was ineffective for not fulfilling his duty of ensuring that his client's jury receive this instruction. And for those reasons, I ask that you reverse Drummond's conviction and remand the cause for a new trial. Thank you very much. At this time, I'd like to thank counsel, both of you, for your excellent arguments this morning. The court will take the matter under advisement and render a decision in due course. Court is adjourned for the day. Thank you.